No. 13835

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DONALD MURRAY,

        Plaintiff and Respondent,

    -vs-

MONTANA INSURANCE GUARANTY ASSOCIATION
an unincorporated legal entity,

        Defendant and Appellant,

   and

NATIONAL FARMERS UNION INSURANCE COMPANY,
a corporation,

        Defendants and Respondents.

---

Appeal from:  District Court of the Fifth Judicial District,
              Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Keller, Reynolds and Drake, Helena, Montana
        Paul T. Keller argued, Helena, Montana

    For Respondents:

        Landoe, Gary & Planalp, Bozeman, Montana
        Joseph B. Gary argued, Bozeman, Montana
        Schulz, Davis and Warren, Dillon, Montana

---

Submitted:  December 7, 1977

Decided: DEC 30 1977

Filed: DEC 30 1977

Thomas J. Kearney
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

Plaintiff Donald Murray instituted this action against the Montana Insurance Guaranty Association (hereinafter referred to as "the Association"), and alternatively against National Farmers Union Insurance Company, to recover a settlement claim of $6,500. The Association appeals from the judgment of the District Court, Beaverhead County, dismissing the action as to Farmers Union and the denial of a motion to dismiss submitted by the Association.

On July 15, 1974, a logging truck owned by Nice Log Hauling was proceeding north on Highway 91 near Divide, Montana. The driver made a left turn causing an oncoming car to go out of control and strike a car in which plaintiff was a passenger. Plaintiff was injured in the accident.

Plaintiff commenced negotiations for a settlement with Manufacturers and Wholesalers Indemnity Exchange, the insurer for Nice Log Hauling. On November 15, 1975, a settlement was reached under which Manufacturers & Wholesalers agreed to pay plaintiff the sum of $6,500. Before any payment was made, Manufacturers & Wholesalers was declared insolvent in the State of Colorado.

The Association took over claims against the insolvent company pursuant to the provisions of sections 40-5701 et seq., R.C.M. 1947. It disallowed plaintiff's claim on the ground that section 40-5712, R.C.M. 1947, provides for nonduplication of recovery, and that plaintiff could recover the full amount of the claim under his own "uninsured motorist" policy issued by Farmers Union. The policy provides, in pertinent part:

"(c) 'uninsured automobile' means:

"(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial

responsibility law of the state in which the
insured automobile is principally garaged,
no bodily injury liability bond or insurance
policy applicable at the time of the accident
with respect to any person or organization
legally responsible for the use of such auto-
mobile, <u>or with respect to which there is a
bodily injury liability bond or insurance
policy applicable at the time of the
accident but the company writing the same
denies coverage thereunder</u>: * * * ". (Emphasis added.)

The Association contends that the insurer denied coverage

within the meaning of the policy when it became unable to pay

the settlement due to insolvency. This is a question of first

impression in Montana.

In interpreting the phrase "denies coverage" we are mind-

ful of the general rule that "The words of a contract are to

be understood in their ordinary and popular sense, rather than

according to their strict legal meaning * * *." Section 13-710,

R.C.M. 1947. Webster's Third New International Dictionary defines,

in part, the word "deny" at p. 603:

" * * * to refuse to recognize or acknowledge:
withhold acknowledgement from: disclaim con-
nection with, allegiance to, or responsibility
to or for * * * ".

Clearly, as used in its ordinary and popular sense, the phrase

"denies coverage" connotes some type of affirmative activity

by the insurer. A consistent and logical definition is found

in Seabaugh v. Sisk, 413 S.W.2d 602, 609 (Mo. 1967), quoting

Uline v. Motor Vehicle Accident Indeminification Corp., 28

Misc.2d 1002, 213 N.Y.S.2d 871, 874:

"'to deny coverage' (i.e. 'to take the position
that for some reason or other the policy does not
encompass the particular accident') * * *."

Here it is plain that Manufacturers & Wholesalers did not

deny coverage. For over a year, the company negotiated with

plaintiff and finally agreed to settlement under which it expressly

admitted that it owed plaintiff the sum of $6,500. Only the

insurer's inability to pay prevented plaintiff from recovering

the full amount of the settlement.  We do not think it tenable that Farmers Union, by contracting to cover situations in which the original insurer "denies coverage", agreed to be responsible for a claim that is sixteen months old and has already been negotiated and settled with the original insurer.

An ambiguous insurance contract will be liberally construed against the insurer.  Mountain West Farm Bureau v. Neal (1976), 169 Mont. 317, 547 P.2d 79, 33 St.Rep. 193.  However, there is no ambiguity here.  We cannot equate the phrase "denies coverage", with "becomes unable to pay the claim due to insolvency".  Seabaugh v. Sisk, supra; Farkas v. Hartford Accident & Indemnity Co., 285 Minn. 324, 173 N.W.2d 21 (1969).

We are aware that a majority of jurisdictions facing this issue have reached the opposite conclusion.  See, e.g.:  Winans v. Hartford Accident Indenmity Co., 25 Mich. App. 75, 181 N.W.2d 17 (1970); McCaffery v. St. Paul Fire & Marine Ins. Co., 108 N.H. 373, 236 A.2d 490 (1967); Katz v. American Motorist Insurance Co., 244 Cal.App.2d 886, 53 Cal.Rptr. 669 (1966); State Farm Mutual Automobile Ins. Co., v. Brower, 204 Va. 887, 134 S.E.2d 277 (1964). The reasoning of these decisions is generally that coverage is just as effectively denied when the insurer is unable to pay as when the insurer voluntarily refuses to pay.  Running through all of these decisions is the theory that the insurance policy in question must be liberally construed in light of the remedial purposes of the uninsured motorist statutes.  Since the paramount concern of this legislation is the protection of the public from losses caused by uninsured motorists, insurance policies issued in conformance with such legislation have often been interpreted liberally to effectuate this goal.

Such compelling legislative direction does not exist in this State regarding this question.  Motorists have the protection

of a requirement that uninsured motorist coverage be offered but they also have the option to decline such coverage. Section 40-4403, R.C.M. 1947. Situations involving the insolvency of an insurer are more directly covered by the Montana Insurance Guaranty Association Act. The purpose of this act is expressed in section 40-5702, R.C.M. 1947:

> "Purpose. The purpose of this act is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."

This act is to be liberally construed to effectuate its stated purpose. Section 40-5704, R.C.M. 1947. The application of this act to cases such as the one presented here protect the innocent victim of a tortfeasor whose insurance company is rendered insolvent just as effectively as a strained judicial construction of the phrase "denies coverage" in the victim's uninsured motorist policy.

We find that the subsequent insolvency of the insurer is not a denial of coverage within the meaning of this policy.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 5 -