446 A.2d 1343

**BALBOA INSURANCE COMPANY, Appellant,**

**v.**

**Robert C. AMITY and Patricia Ann Amity, his wife.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1981.

Filed June 18, 1982.

Petition for Allowance of Appeal Denied Jan. 6, 1983.

Kim Darragh, Pittsburgh, for appellant.
Harry Stump, Pittsburgh, for appellees.

Before WICKERSHAM, WIEAND and BECK, JJ.

PER CURIAM:

This is an appeal from an order sustaining preliminary objections by way of a demurrer and dismissing a petition for declaratory judgment and injunctive relief concerning an uninsured motorist claim. Appellee Robert C. Amity was injured July 20, 1978 in a motorcycle accident with a third party who was insured by Allstate Insurance Company. Allstate paid the limit of their client's policy, $15,000 to the Amitys in settlement of the Amitys' claims against the third party.

The Amitys then brought a claim pursuant to their uninsured motorist coverage against their own insurance carrier, appellant Balboa Insurance Company (hereinafter Balboa), alleging that the third party was an uninsured motorist for that portion of their claim in excess of $15,000. The claim was denied by Balboa and the Amitys then invoked the arbitration provision in their policy. Both the Amitys and Balboa appointed an arbitrator. Subsequently, the Amitys filed a petition asking the lower court to appoint the third arbitrator which was opposed by Balboa in an answer with new matter on the basis that Robert C. Amity was not injured by an uninsured motorist. Judge Louis S. Farino appointed the third arbitrator in an order dated March 24, 1980.

Balboa then filed an action in federal court requesting a declaratory judgment and an injunction as to further proceedings by the arbitrators. Reasoning (i) that Balboa's federal suit was an attempt to forum shop in contravention of 28 U.S.C. § 1446(b) (1970) and (ii) that the parties involved, the issues raised, and the facts presented in Balboa's federal action were identical to those in the state proceeding, on November 13, 1980, the federal court remanded the case to the court of common pleas where it was assigned the same docket number given to the Amitys' prior petition for the appointment of the third arbitrator.

Balboa then filed a petition for a declaratory judgment that Robert C. Amity's injuries suffered on July 20, 1978 were not inflicted by an uninsured motorist and requesting an injunction barring further proceedings by the arbitrators. The Amitys filed preliminary objections by way of a demurrer to the petition. On December 15, 1980, Judge Bernard J. McGowan entered an order sustaining the Amitys' preliminary objections by way of a demurrer and dismissing Balboa's petition for a declaratory judgment and for an injunction. An application for a stay of the arbitration proceedings was granted on February 4, 1981 by the Superior Court after having been previously denied by the lower court.

■ Appellant Balboa frames the first of the questions involved as follows:

Can a motorist be held to be an uninsured motorist, under the terms of the policy in question, where admittedly he carries at least the minimum limits of liability coverage mandated by the law of Pennsylvania, and the appellee has been paid those limits in settlement of his case against the motorist?

Brief for Appellant at 2.

Instantly, the insurance policy in question defines an "uninsured motor vehicle" as:

(1) a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such motor vehicle; or

(2) a hit-and-run motor vehicle . . . .

It is agreed that the term 'uninsured motor vehicle' includes a motor vehicle with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident, but the company writing the same is or becomes insolvent.

The above-quoted definition is substantially similar to that of an "uninsured automobile" contained in Title 31, Pennsyl-

vania Code, Section 63.2, and as contained in the insurance policy considered in *White v. Concord*, 296 Pa.Super. 171, 442 A.2d 713 (1982). In *White* we stated:

> Appellant points out that because other persons were injured in the accident there was less than $15,000 in coverage available to him from each policy. It may be granted that because of this fact, appellant did not *recover* an amount equal to the minimum amount of coverage required by Pennsylvania law. Thus it may be said that as to appellant, the automobiles involved in the accident were 'underinsured,' or 'partially' or 'inadequately' insured. However, it does not follow that therefore the automobiles were 'uninsured.'
>
> On its face, 'uninsured' cannot mean 'underinsured' or 'partially' or 'inadequately' insured. If understood as a layman would understand the terms, 'uninsured' means '*no* insurance,' while 'underinsured' means '*some* insurance but *not enough.*'

Id., 296 Pa.Super. at 173, 442 A.2d 713.

In accord with *White* we now hold that although the Amitys may have suffered injuries as a result of a collision with an *underinsured* motorist they may not recover against Balboa under the *uninsured* motorist provision of their insurance policy.

Appellant Balboa frames the second question involved as follows:

> Is such a question subject to the provisions of the arbitration clause in the uninsured motorist endorsement of appellee's policy issued by appellant, or is it a question for the courts to decide?

Brief for Appellant at 2.

 While generally the application or construction of an uninsured· motorist clause which provides for arbitration of disputed claims is within the exclusive jurisdiction of the arbitrators, the courts will take jurisdiction of such a dispute if the claimant attacks a particular provision of the clause as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable.

*White v. Concord, supra,* 296 Pa.Super. at 174, 442 A.2d 713. As was mentioned previously the definition of an "uninsured motor vehicle" in the policy presently considered is substantially similar to that of an "uninsured automobile" as defined in the Pennsylvania Insurance Commissioner's regulations at 31 Pa.Code § 63.2 and as contained in the insurance policy considered in *White.* As in *White* we are faced with a claim by an insured that a vehicle which was insured according to the Insurance Commissioner's regulations was nonetheless uninsured according to the requirements of the Act of August 14, 1963, P.L. 909, as amended, 40 P.S. § 2000(a) which requires uninsured motorist protection in motor vehicle liability insurance policies. It follows, therefore, that the Amity's claim is but another way of saying that the Insurance Commissioner's regulations are contrary to the statute. Jurisdiction, in the instant case, is therefore properly in the court rather than in the arbitrators.[1]

Order vacated and case remanded for proceedings consistent with this opinion.

---

1. The instant case is distinguishable from *Runewicz v. Keystone Ins. Co.,* 476 Pa. 456, 383 A.2d 189 (1978) wherein the supreme court upheld an arbitrator's award. Although the underlying issue concerning underinsured motorists is essentially the same in both cases, in *Runewicz* the insurance company proceeded to arbitration without objection while instantly Balboa opposed the appointment of the third member of the arbitration panel in its answer with new matter.