Diane RISTER and Kristi Lynn Rister, by her next friend, Diane Rister, and Blake Allen Rister, by his next friend, Diane Rister, Plaintiffs-Respondents,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

No. 13165.

Missouri Court of Appeals, Southern District, Division Three.

March 1, 1984.

Motion for Rehearing or to Transfer Denied March 26, 1984.

Application to Transfer Denied May 15, 1984.

Albert C. Lowes, Catherine R. McBride, Buerkle, Lowes, Beeson & Ludwig, Jackson, for defendant-appellant.

Phillip J. Barkett, Jr., Dempster, Fuchs & Barkett, Sikeston, for plaintiffs-respondents.

MAUS, Judge.

Ricky Rister was killed when the pickup truck in which he was a passenger collided with a gasoline transport. The plaintiffs are his widow and minor children. They are insureds under the uninsured motor vehicle provisions of two policies issued by State Farm Mutual Insurance Company (State Farm). The plaintiffs recovered a judgment against State Farm under that coverage in the amount of $40,000. State Farm's appeal presents a unique question. One of the policy definitions of uninsured motor vehicle is a "motor vehicle insured ... for bodily injury liability ... but the insuring company denies coverage or is or has become insolvent." The question is whether or not that definition is applicable when the insurer under a liability policy pertaining to the pickup initially declined coverage, but before the judgment entered into an agreed settlement with the plaintiffs for $35,000.

The following is a summary of the facts presenting that question. Ricky Rister, Bill Rister and George Rutledge were employed by Delta Paint and Drywall Company. On February 22, 1982 they were apparently on their way to work in the pickup owned by Delta and driven by Rutledge. The pickup collided with a gasoline transport owned by Wisdom Oil Company and driven by its employee Jerry Terry.

American Casualty Company as insurer of Delta had in force a liability insurance policy applicable to the pickup. The limits of liability were not disclosed. State Farm, as insurer of Ricky Rister, had in force two policies of automobile insurance. Each policy provided uninsured motor vehicle insurance in the amount of $50,000 upon customary terms. The plaintiffs were insureds under that coverage. By that insurance, State Farm agreed to pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. As noted, the definition of uninsured motor vehicle included a "motor vehicle insured ... for bodily injury liability ... but the insuring company denies coverage or is or has become insolvent."

By their petition, the plaintiffs initially sought a judgment for $5,000,000 for the wrongful death of their decedent against Wisdom Oil Company, Jerry Terry and the defendant ad litem for George Rutledge, deceased. It was the position of American Casualty that the liability coverage of its

policy was not applicable to the claims of the plaintiffs because of the "fellow employee" exclusion of its liability coverage. By letter, it so advised the defendant ad litem. Nonetheless, American Casualty provided a defense to the defendant ad litem under a "reservation of rights" as set forth in that letter. By amendment, the plaintiffs added State Farm as a defendant. They sought recovery against State Farm by reason of the uninsured motor vehicle insurance referred to above.

The morning of the trial, before the testimony commenced, the plaintiffs were permitted to dismiss without prejudice as to defendants Wisdom Oil Company and Jerry Terry. The plaintiffs had reached a settlement agreement with them for $125,000. Thereafter, again before the testimony commenced, counsel for the defendant ad litem, employed by American Casualty, made a cryptic announcement. He said, "I want the Court to know on the record that we stand ready now, before this jury is impaneled, to settle and pay at least two times the uninsured motorist coverage for an indemnifying release from Mrs. Rister." In view of subsequent developments, the possible import of this statement need not be considered.

Near the end of the testimony, counsel for the defendant ad litem announced he wanted to make an offer. Counsel for the plaintiffs then moved to dismiss without prejudice as to the defendant ad litem. There was a discussion off the record apparently setting forth the terms of the offer and its acceptance. Then, on the record, counsel for the defendant ad litem made an offer of $35,000 upon agreement by the plaintiffs to indemnify American Casualty for any apportionment claim and any claim by State Farm. The defendant ad litem was then dismissed without prejudice. The case was submitted to the jury against State Farm as the sole defendant under instructions patterned upon MAI 31.-11 and 4.11. The jury returned a verdict against State Farm and a determination the plaintiffs' damages were $200,000. The trial court credited that amount with $160,000 and entered judgment against State Farm

for $40,000. The plaintiffs' settlement was later approved by the court and they acknowledged the receipt of the $35,000. It is not clear that the documents evidencing the settlement were before the court when the $40,000 judgment was entered. However, the parties have regarded that settlement as completed and it will be so considered by this court. While its impact is obscured by the numerous points raised, by its motions for a directed verdict and after trial motions, State Farm has preserved its basic contention the evidence does not establish "the insuring company denies coverage."

■ Section 379.203.1 mandates coverage for the protection of insureds "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." However, that statute does not fully define "uninsured motor vehicles." Nor does it fully declare the terms and conditions upon which uninsured motor vehicle insurance must be extended. In any given case, whether or not uninsured motor vehicle insurance is applicable, in the first instance, is a matter of construction of the insurance contract. *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137 (Mo. banc 1980). Appropriate rules for guidance in that construction are well established and will not be restated. *Kisling v. MFA Mutual Insurance Company*, 399 S.W.2d 245 (Mo.App.1966). It is sufficient to observe, "[w]here language in an insurance contract is unequivocal, it is to be given its plain meaning ...." *Harrison v. MFA Mutual Ins. Co.*, supra, at 142. Or stated another way, "An uninsured motor vehicle is one which is not insured. When language is plain, straightforward and suspectible of only one meaning there is no room for judicial construction because there is nothing to construe." *Brake v. MFA Mutual Insurance Company*, 525 S.W.2d 109, 112 (Mo.App.), cert. denied 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 126 (1975).

The basic provision of most statutes and policies extends protection to insureds entitled to recover damages from owners or

operators of "uninsured motor vehicles" without further definition of those terms. Under such provisions, many cases have dealt with the issue of whether or not such protection is available when a liability policy is applicable to the tort feasor's motor vehicle, but, with or without justification, the liability insurer denies coverage for the claim of an uninsured motor vehicle insured. 18 A.L.R.4th 229, No Consent to Settlement Exclusion Clauses (1982); Annot., Insurance—"Uninsured" Motorist, 26 A.L.R.3d 883 (1969).

More recent statutes and policy provisions, such as the provisions of the State Farm policy in question, by definition include a motor vehicle insured for bodily injury, but the insuring company denies coverage. Such provisions have been construed and applied in reference to several issues raised thereby. The possible distinction between a denial and a disclaimer of coverage has been noted. "To *deny coverage* is to take the position that for some reason or other the policy does not encompass the particular accident.... A *disclaimer of liability* usually arises where there is coverage, but because of some action on the part of the insured, the company refuses to respond." *Seabaugh v. Sisk,* 413 S.W.2d 602, 607 (Mo.App.1967).

While there are decisions to the contrary, under such provisions it is generally held to make no difference whether the withholding of liability coverage results from a denial or a disclaimer. Annot., Insurance—"Uninsured" Motorist, 26 A.L.R.3d 883 (1969); 8C Appleman Insurance Law and Practice § 5076.15 (1981). It has been held that a denial is not established by the inability of the liability insurer to pay because of insolvency. *Murray v. Montana Ins. Guaranty Ass'n,* 175 Mont. 220, 573 P.2d 196 (1977); Cf. Annot., Insurance—"Uninsured" Motorist, 26 A.L.R.3d 883 (1969). Or, by the fact the amount of liability coverage admittedly does not equal a claimant's damages. *Balboa Ins. Co. v. Amity,* 301 Pa.Sup. 77, 446 A.2d 1343 (1982). But see *Porter v. Empire Fire and Marine Insurance Company,* 106 Ariz. 274, 475 P.2d 258 (banc 1970); *Vigneault v. Travel-*

*ers Ins. Co.,* 118 N.H. 75, 382 A.2d 910 (1978). Or, by the inability of the liability insurer to pay because of the exhaustion of its coverage in the payment of other claims. *Lotoszinski v. State Farm Mut. Auto. Ins.,* 417 Mich. 1, 331 N.W.2d 467 (1982). Or, by the inability to obtain service upon a tort feasor. *Weinberg v. State Farm Mut. Auto. Ins. Co.,* 659 S.W.2d 236 (Mo.App.1983); but see *Smith v. Commercial Union Assur. Co.,* 246 Ga. 50, 268 S.E.2d 632 (1980).

When the liability insurer has expressly denied or disclaimed coverage, it is generally held that a claimant under such uninsured motor vehicle insurance need not prove the denial or disclaimer was valid. *State Farm Mutual Automobile Ins. Co. v. Talley,* 329 So.2d 52 (Miss.1976); *Zurich v. Country Mut. Ins. Co.,* 65 Ill.App.3d 608, 21 Ill.Dec. 837, 382 N.E.2d 131 (1978); *Boulnois v. State Farm Mut. Automobile Ins. Co.,* 286 So.2d 264 (Fla.App.1973). One basis assigned for so holding is that if such denial or disclaimer is capricious, there has been no injury because the uninsured motor vehicle insurer is subrogated to the claim against the tort feasor and liability insurer. *State Farm Mutual Automobile Ins. Co. v. Talley,* supra. The point has not been directly decided in this state. For the purpose of this opinion it will be assumed a denial of liability coverage for the administrator ad litem would cause the pickup to be an uninsured motor vehicle within the meaning of the State Farm policies. Compare *Harrison v. MFA Mut. Ins. Co.,* supra; *Dairyland Ins. Co. v. Hogan,* 605 S.W.2d 798 (Mo. banc 1980) and *Aetna Casualty and Surety Company v. Kellam,* 207 Va. 736, 152 S.E.2d 287 (1967).

No authority directly dealing with the question raised has been cited to the court. None has been found by independent research. It has been observed "[n]o decisions have been found which have given this definition other than its normal and presumably obvious import, insofar as its effect on the situation where the insurer does deny coverage is concerned." Annot.,

Uninsured Motorist, 26 A.L.R.3d 883, 909 (1969).

It has been held that an initial denial by a liability insurer does not create an unconditional obligation on the part of the uninsured motor vehicle insurer. In *Lumbermens Mutual Cas. Co. v. Harleysville Mut. Cas. Co.*, 367 F.2d 250 (4th Cir.1966), the liability insurer and uninsured motor vehicle insurer were both parties defendant. The liability insurer expressly denied coverage. However, the court determined its liability coverage was in fact applicable. In absolving the uninsured motor vehicle insurer, the court made the following observation.

> While he may at first have been an uninsured ... because of State Farm's immediate denial of coverage, this initial result simply accorded Southern a conditional claim against Harleysville.... However, since Ray has been declared an insured, this contingent responsibility of Harleysville disappeared, the contingency never ripening. Merely because Harleysville's potential responsibility was once raised, *it was not thereby unalterably and irrevocably established.* Subsequent developments have laid that liability to rest. *Lumbermens Mutual Cas. Co. v. Harleysville Mut. Cas. Co.*, supra, at 255. (Emphasis added).

■ It is obvious the same result would follow when a liability insurer expressly and unconditionally withdraws an initial denial. When a liability insurer, after an initial denial of coverage, extends an offer in settlement, it may be said it has only conditionally withdrawn its denial. However, when such an offer is accepted, the liability insurer no longer denies coverage. In this case, when the $35,000 was offered and accepted, American Casualty no longer denied liability coverage. It paid $35,000 by reason of that coverage. The plaintiffs were not entitled to recover upon the uninsured motor vehicle insurance in the State Farm policies.

■ In so holding, the court has considered the general policy of the law to encourage compromise or settlement of disputes. *Brizendine v. Central Life Ins. Co.*, 234 Mo.App. 460, 131 S.W.2d 906 (1939). However, that principle cannot be made the basis of imposing liability upon an uninsured motor vehicle insurer when, within the plain meaning of the insurance contract, none exists otherwise.

■ To construe "the insuring company denies coverage" in this manner, is consistent with the policy prohibition against the insured entering into a settlement without the consent of the uninsured motor vehicle insurer. That prohibition has been held to be against public policy in reference to settlements with third parties. *Lebs v. State Farm Mut. Auto. Ins. Co.*, 568 S.W.2d 592 (Mo.App.1978); *Craig v. Iowa Kemper Mut. Ins. Co.*, 565 S.W.2d 716 (Mo.App.1978). But see 8D Appleman Insurance Law and Practice § 5131.35 (1981). However, it is generally held valid, unless consent is unreasonably withheld, in regard to settlements with the tort feasor. *Kisling v. MFA Mutual Insurance Company,* supra. The basis for the distinction is the fact the latter settlement would impair the uninsured motor vehicle insurer's right to subrogation. 8D Appleman Insurance Law and Practice § 5131.35; *State ex rel. Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772 (Mo. banc 1975); *Porter v. MFA Mut. Ins. Co.*, 643 P.2d 302 (Okl. 1982).

Such a construction is also consistent with, if not required by, another principle of law. That principle has frequently been referred to as the election of remedies. 25 Am.Jur.2d Election of Remedies § 7 (1966). However, it is more appropriately recognized as the choice between alternative rights or the inconsistent assertion of facts upon which a right depends. *Metroflight, Inc. v. Shaffer*, 581 S.W.2d 704 (Tex.Civ. App.1979). Also see 25 Am.Jur.2d Election of Remedies §§ 7, 11. That principle has received the following expression. "If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment *or receives anything of value under the claim thus asserted,* or if the

other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy." *Lomas & Nettleton Co. v. Huckabee*, 558 S.W.2d 863, 864 (Tex.1977). Or, stated more succinctly, "[i]n short, plaintiffs may not both approbate and reprobate ...." *State ex rel. Hilleary and Partners, Ltd. v. Kelly*, 448 S.W.2d 926, 932 (Mo.App.1969). For other expressions and recognitions of the principle see *Berger v. Mercantile Trust Company*, 352 S.W.2d 644 (Mo.1961); *Davis v. Hauschild*, 243 S.W.2d 956 (Mo.1951); *Johnson-Brinkman Commission Co. v. Missouri Pac. Ry. Co.*, 126 Mo. 344, 28 S.W. 870 (1894). The interaction of this principle and the desirability of settlements was meticulously discussed in *Metroflight, Inc. v. Shaffer*, supra. The principle has been applied when one asserted basis for recovery has been reduced to a judgment. *Mitchell v. Commercial Standard Ins. Co.*, 612 S.W.2d 378 (Mo.App. 1980). Or, has been the basis for a temporary injunction. *State ex rel. Hilleary and Partners, Ltd. v. Kelly*, supra. Or, has been the subject of a consummated settlement. 25 Am.Jur.2d Election of Remedies § 19; *Maiden v. Fisher*, 17 S.W.2d 563 (Mo.App.1929).

■ A legal right to recover under the uninsured motor vehicle insurance and a legal right to recover against the liability carrier cannot coexist. They are mutually exclusive. The insured's were not barred from pursuing their claims in the alternative nor from reaching a simultaneous compromise agreement with both insurers. However, to affirm the judgment in this case would be to give judicial sanction to the insured's successfully maintaining inconsistent claims. Such sanction could, under other circumstances, form the basis for collusive imposition of liability upon an uninsured motor vehicle insurer. It would amount to the creation of uninsured motorist insurance when none exists according to the plain language of the insurance contract. "Where language in an insurance policy is unambiguous and does not offend against public policy it must be accorded its plain meaning and it must be enforced as

written." *Brake v. MFA Mutual Insurance Company*, supra, at 112.

■ The provisions of the uninsured motor vehicle insurance of the State Farm policy, as so interpreted, do not contravene § 379.203. That statute recognizes the right of an insurer to define an uninsured motor vehicle in a manner not inconsistent therewith. *Harrison v. MFA Mut. Ins. Co.*, supra. The purpose of the statute is to give uninsured motor vehicle insureds coverage parallel to that they would have had if the accident had been caused by a vehicle that had the required liability coverage. *Zink v. Allis*, 650 S.W.2d 320 (Mo. App.1983); *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148 (Mo. App.1972). It is not the purpose of the statute to require dual coverage. *Weinberg v. State Farm Mut. Auto. Ins. Co.*, supra; *Heafner v. Safeco Nat. Ins. Co., Etc.*, 613 S.W.2d 478 (Mo.App.1981).

In view of the foregoing, it is not necessary to consider the other contentions of State Farm. Those contentions include the following. The contention the action of American Casualty was not a denial of coverage, but merely providing the insurance purchased by its insurer. Compare *Dairyland Ins. Co. v. Hogan*, supra; *Harrison v. MFA Mut. Ins. Co.*, supra, and *Aetna Casualty and Surety Company v. Kellam*, supra. Nor the contention the action of the plaintiffs constitutes a violation of the prohibition against settlement with the alleged uninsured motorist. See *Benson v. Farmers Ins. Co., Inc.*, 227 Kan. 833, 610 P.2d 605 (1980). Nor the contention the trial court submitted the case to the jury under improper instructions and used inappropriate procedures in crediting the settlements against the determination of damages. Upon the basis assigned, the judgment is reversed.

GREENE, C.J., CROW, P.J., and FLANIGAN and PREWITT, JJ., concur.