**Michelle SAYERS, Plaintiff/Appellant,**

v.

**Tina LARAMIE, Defendant/Respondent.**

No. 58959.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1991.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 15, 1991.

Michael G. Beck, Clayton, for plaintiff/appellant.

Evans & Dixon, Gerard T. Noce and Brenda G. Baum, St. Louis, for defendant/respondent.

KAROHL, Judge.

In an amended petition, Michelle Sayers (plaintiff) stated a cause of action against Tina Laramie as the driver of a motor

vehicle which struck her, as a pedestrian, on June 24, 1988, causing serious personal injuries. In a separate count, plaintiff stated a cause of action against Shelter Mutual Insurance Company (Shelter) alleging she was struck as a pedestrian by an unidentified hit and run driver. Therefore, plaintiff claimed she was entitled to recover from her own policy under the uninsured motorist provision.

Plaintiff reached a settlement with Shelter. In the settlement agreement and release, plaintiff and Shelter stipulated that Shelter "might be claimed to be liable under or relating to the uninsured motorist provisions of certain insurance policies ... issued to [plaintiff's parents], but which company does not admit liability to either payee, but expressly denies any liability, from any claims, ... including [the present suit]." In addition, Shelter waived any subrogation rights it might have against Tina Laramie, "and that, therefore, payee Sayers may continue to maintain her action against Tine Laramie as she chooses." The stipulation for dismissal also contains an agreement that plaintiff's actions against co-defendant Tina Laramie shall continue to be maintained "unaffected by the herein stipulation for partial dismissal." Thereafter, Laramie filed a motion for summary judgment. The court sustained the motion solely on the basis of the doctrine of election of remedies. Plaintiff appeals from the summary judgment. We reverse and remand.

■ " 'The basic concept of the doctrine of election is that a party shall not be permitted to insist at different times upon the truth of two inconsistent and repugnant positions, according to the promptings of his own interest, as to first affirm and later disaffirm a contract, or the like.' " *King v. Guy*, 297 S.W.2d 617, 622 (Mo.App. 1956) (quoting *Davis v. Hauschild*, 243 S.W.2d 956, 959–960 (Mo.1951)). "Based on that doctrine the general rule as stated in a number of cases is that, 'It is well settled law where a party has the right to pursue one of two inconsistent remedies, and he makes his election, and institutes his suit, that in case the action thus begun is prose-

cuted to final judgment, or the plaintiff has received anything of value under a claim thus asserted, he cannot thereafter pursue another and inconsistent remedy.' " *Castle v. Tracy*, 463 S.W.2d 777, 781 (Mo.1971) (quoting *Johnson–Brinkman Comm'n Co. v. Missouri Pac. Ry. Co.*, 126 Mo. 344, 28 S.W. 870, 872 (1894)).

The question in the present case is whether, as a matter of law, plaintiff's settlement with her uninsured motorist carrier and continuing her claim against Laramie was based upon "the truth of two inconsistent and repugnant positions." We hold it was not. "The difficulty lies not with the rule but in its application." *Davis v. Hauschild*, 243 S.W.2d 956, 959 (Mo. 1951).

Plaintiff's claim against Laramie depends upon proof that Laramie negligently operating her motor vehicle, struck and injured plaintiff. Plaintiff's claim against Shelter, if Laramie was the driver, depends upon these same facts and the additional fact Laramie was uninsured. The proof of plaintiff's claim against Laramie may be satisfied without reference to the existence or absence of insurance.

Plaintiff would not be entitled to recover against Laramie as an insured driver and subsequently maintain a claim against Shelter on the basis she was an uninsured driver. The court in *Rister v. State Farm Mutual Automobile Insurance Company*, 668 S.W.2d 132, 137 (Mo.App.1984) so held. The *Rister* decision implicitly depended upon a finding that plaintiff was not entitled to accept a settlement from the driver's liability carrier because the driver was insured and thereafter, continue to claim and bear the burden to prove the driver was an uninsured motorist. *Id.* In that sequence, the legal right to recover under the uninsured motor vehicle insurance policy was mutually exclusive of the right to recover against the liability carrier. *Id.* These rights are mutually exclusive because an element of the cause of action against the uninsured motor vehicle insurance carrier could not be proven except by proof of a fact which plaintiff acknowledged was untrue when plaintiff settled

with the liability carrier. *Id.* In the present case, plaintiff can prove her cause of action against Laramie without proving any facts regarding Laramie as insured or uninsured. Whether Laramie is insured is irrelevant to plaintiff's tort claim against Laramie.

We recognize a facial inconsistency with some of the language used in the *Rister* opinion. The court there said "[a] legal right to recover under the uninsured motor vehicle insurance and a legal right to recover against the liability carrier cannot co-exist. They are mutually exclusive." *Id.* We find this statement to be true only when plaintiff first settles the tort claim with the liability carrier with the intention of pursuing a contract claim against the uninsured motorist carrier. The *Rister* court decided a contract, not a tort issue. The *Rister* court found the offer of the liability carrier was an admission by the carrier defendant driver was insured and plaintiffs relied on that admission when they accepted the settlement. *Id.* at 136. Accordingly, plaintiffs accepted the settlement because the driver was an insured motorist and could not thereafter prove the driver was uninsured. *Id.*

 "The principle of election of remedies has a narrow application. The pursuit of one remedy precludes the pursuit of another only when those remedies are inconsistent." *Clayton Brokerage Co. of St. Louis, Inc. v. Pilla,* 632 S.W.2d 300, 305 (Mo.App.1982). The doctrine does not apply if no actual conflict exists. The settlement between plaintiff and Shelter was based upon a denial of liability by Shelter. Plaintiff and Shelter entered into the settlement without regard to whether Laramie was the driver of the motor vehicle which struck plaintiff and whether Laramie was protected by liability insurance. The agreement recognized that plaintiff may continue to maintain her action against Laramie as she chooses. Shelter waived any interest in the tort claim. These facts do not support the conclusion plaintiff adopted any inconsistent factual position relevant to the contested issues which remained between plaintiff and defendant Laramie when she settled her disputed claim with Shelter.

The settlement agreement with Shelter was, by its terms, not based on any agreement Laramie was an uninsured driver. Plaintiff can prove her tort claim without proving any facts inconsistent with the settlement. Accordingly, the doctrine of election of remedies has no application to the present facts, and summary judgment based upon the application of that doctrine was erroneous as a matter of law.

We reverse and remand.

PUDLOWSKI, P.J., and GRIMM, J., concur.