Coghlan v. Concord General Mutual Insurance Co., No. S0184-03 Cnc
(Norton, J., July 20, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been
reformatted from the original. The accuracy of the text and the
accompanying data included in the Vermont trial court opinion database is
not guaranteed.]

STATE OF VERMONT                                SUPERIOR COURT
Chittenden County, ss.:                         Docket No. S0184-03 CnC


COGHLAN

v.

CONCORD GENERAL MUTUAL
INSURANCE COMPANY


ENTRY
(Motion for reconsideration)


        Plaintiff Audrey Coghlan seeks a reconsideration or, in the
alternative, an interlocutory appeal from an entry of this court, dated May 2,
2005.  Ms. Coghlan is an insured motorist who was involved in an accident
with defendant Richard Knight.  Following the accident Mr. Knight's
liability insurer denied coverage.  Ms. Coghlan sought coverage from her

own uninsured motorist policy. Through this policy, defendant Concord General paid for Ms. Coghlan's medical bills and property damages. Ms. Coghlan, however, sought further damages. She sued Concord General, on the uninsured motorist policy, and Mr. Knight to prove his liability and her damages. Two years later, Concord General learned that Mr. Knight's insurance policy was not properly cancelled. It contacted Mr. Knight's insurance company, who reimbursed Concord General and agreed to cover Mr. Knight for this accident up to the limits of his policy.

On motion for summary judgment, Concord General sought to dismiss Ms. Coghlan's uninsured motorist claim against it, in light of these changed circumstances. This court accepted those arguments based on sound legal precedent and a clear factual record.

> The undisputed facts in this case demonstrate that Ms. Coghlan has a legal right to recover against Illinois. Illinois has taken actions—more than mere words—that make its acknowledgment of liability evident. Illinois has reimbursed Concord for money paid to Ms. Coghlan and has hired counsel for Mr. Knight. Plainly, Illinois no longer denies coverage of Mr. Knight at the time of the accident. The court finds no reason to create the legal fiction of a constructive denial when Ms. Coghlan has a right of recovery against Illinois. "[T]he law does not blind itself to the fact that the motor vehicle is, indeed, insured." Fryer, 365 N.W.2d at 253.

Coghlan v. Concord General Mutual Insurance Co., No. S0184-03 CnC, at 6 (Norton, J., May 2, 2005).

In its motion for reconsideration, Ms. Coghlan attempts to revive several arguments that were impliedly rejected by this court in the previous entry. First, Ms. Coghlan argues that Concord General waived its right to dismiss by not acting with due diligence to establish the true status of Mr.

Knight's insurance coverage. Apart from the two year delay between the initial denial by Mr. Knight's insurer and its eventual reconsideration, Ms. Coghlan presents no credible evidence to support this claim. As Concord General has shown, this delay was the result of bureaucratic delays and the slow accumulation of evidence disputing the initial denial. Without any further evidence to support her bald assertion, Ms. Coghlan's waiver and due diligence arguments fail. Samplid Enterp., Inc. v. First Vt. Bank, 165 Vt. 22, 25 (1996) (allegations must be supported by specific facts sufficient to create a genuine issue of material fact).

Ms. Coghlan's second argument is that Concord General cannot be dismissed until she says they can. See, e.g., Rister v. State Farm Mut. Auto Ins. Co., 668 S.W.2d 132, 136–37 (Mo. App. 1984) (noting that a mere settlement offer after initial denial only conditionally ends a liability insurer's denial). Ms. Coghlan's argument, however, misinterprets the case law and this court's prior entry. In Rister, the Missouri Court Appeals was quite clear in its reasoning that an unequivocal withdrawal of denial ends an uninsured motorist claim as a matter of law. Id. at 136. In that case, however, because the reversal came in an offer of a settlement—an equivocal withdrawal—the court held that the plaintiff would have to accept the offer before it would constitute an effective withdrawal of denial. Id. This has more to do with the nature of settlement offers than insurance coverage. In the present case, Mr. Knight's liability insurer has made an express and unconditional withdrawal of its initial denial. It has also made reimbursement payments on his policy to cover some of Ms. Coghlan's damages, and it has put in a representation on Mr. Knight's behalf with this court. Together these actions effectively show that Mr. Knight is insured and that an uninsured motorist claim is inappropriate as a matter of law.

Finally, Ms. Coghlan seeks an interlocutory appeal on the issues of waiver and a liability insurer's withdrawal of denial. V.R.A.P. 5(b)(1). Such an appeal is not proper at this time. While this case does pose some questions of first impression for a Vermont court, their resolution will not materially advance the litigation. State v. Dubois, 150 Vt. 600, 603 (1988). The central issues in this case is whether Mr. Knight is liable for Ms. Coghlan's injuries and what those injuries are. The answer to these questions are the dispositive issues in this litigation. If it is found that Mr. Knight is not liable to Ms. Coghlan or is only liable to amounts that have been paid, then the uninsured motorist issue becomes moot. If Mr. Knight is found liable and found so in excess of his policy, Ms. Coghlan's will either receive compensation from her under-insured motorist policy or will be free to make such a claim. This policy, as the previous entry noted, is for the same amount as her uninsured motorist policy. Even if the Supreme Court later reversed this court's decision about uninsured motorist, the adjudication of liability and damages would make the resulting reversal more or less a technical application of damages to policies. Regardless, any of these results promise to resolve the litigation in a substantial manner.

On the other hand, if the Supreme Court decides the uninsured motorist question now, the parties would still be left to litigate the issues of liability and damages. Thus, there would be no substantial impact on the purpose of this litigation either in terms of time, range of issues, or defenses at trial. State v. University of Vermont, 149 Vt. 663, 664 (1988) (mem.). In fact, re-opening the uninsured motorist issue promises only further filings, issues, and defenses. Therefore, an interlocutory appeal would inappropriate at this time and would frustrate, rather than support, the purposes of Apellate Rule 5.

Based on the foregoing, Plaintiff's motion for reconsideration or interlocutory appeal is Denied.

Dated at Burlington, Vermont_____, 2005.


_____