**STATE of Vermont, Barbara Schegerin and Lynn Tarbutton v. UNIVERSITY OF VERMONT and State Agricultural College**

[547 A.2d 1348]

No. 88-072

May 3, 1988. Defendant University of Vermont (UVM) moved below to dismiss plaintiffs' tort and Fair Employment Practices Act suit, and after denial moved below for permission to appeal before final judgment under V.R.A.P. 5(b)(1). Upon denial of that motion, defendant submitted it for our consideration, in accordance with the Rule. We dismiss the motion.

Plaintiffs' action is based on acts of alleged sexual harassment and retaliation, and is framed as a claim for intentional infliction of emotional distress and civil assault and battery, as well as under 21 V.S.A. § 495b, the Vermont Fair Employment Practices Act (FEP). Defendant argues first* that interlocutory review is appropriate because the tort claims are barred by Vermont's Workers' Compensation Act, 21 V.S.A. §§ 601-709, since "[n]othing short of a specific intent to injure falls outside the scope of the [Workers' Compensa-

---

* Defendant's "question of law asserted to be controlling," V.R.A.P. 5(b)(1), relating to this issue is as follows: "Whether Plaintiffs' claims for intentional infliction of emotional distress and civil assault and battery are barred by Vermont's Workers' Compensation Act, 21 V.S.A. §§ 601 et seq. (Workers' Comp. Act)."

tion] Act." *Kittell* v. *Vermont Weatherboard, Inc.*, 138 Vt. 439, 441, 417 A.2d 926, 927 (1980). Other grounds for interlocutory appeal include the asserted failure of the Attorney General to comply with "stated procedures," the absence of monetary damage awards within the FEP, improper joinder of plaintiffs, and the inappropriateness of plaintiffs' effort to seek redress for others "similarly situated."

In response to defendant's argument under the Workers' Compensation Act, the court below concluded that, even if the allegations supporting the motions were true, specific intent required to keep the claim outside the scope of the Act could be inferred from defendant's "knowledge of the alleged harassment" and continuation of the harassment "after such knowledge was acquired." As this Court stated in *State* v. *McCann*, 149 Vt. 147, 151, 541 A.2d 75, 77 (1987), citing *In re Pyramid Co.*, 141 Vt. 294, 304, 449 A.2d 915, 920 (1982), "[i]f factual distinctions could control the legal result, the issue is not an appropriate subject for interlocutory appeal." While the principal question set forth as controlling is narrower than the very broad and open-ended questions in *McCann*, its ultimate resolution may turn on what UVM knew about the alleged harassment and when it knew it, matters that were not resolved by the trial court's ruling on a motion to dismiss, which concluded only that plaintiffs had not failed to state a claim. If the trial proceeds and plaintiffs prevail, we may well have to review this issue, but we will then do so in the context of a full record.

As to all grounds, the trial court specifically found that none of the issues could be considered to be controlling questions of law, within the meaning of V.R.A.P. 5(b)(1). We agree. The trial court concluded that dismissal of the tort counts because of Workers' Compensation Act preemption "would not resolve the underlying allegation of sexual discrimination and retaliation." In short, the action would proceed, with or without the tort counts. UVM argues that under *Pyramid* a question can be "controlling" even if it does not govern the outcome "if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." 141 Vt. at 302-03, 449 A.2d at 919-20. But it is the trial judge who in the first instance must determine if such a "substantial impact" is likely, and in the present case the judge below specifically found the contrary. Such a conclusion was well within his discretion and will not be overridden unless that discretion has been abused. *McCann*, 149 Vt. at 151, 541 A.2d at 77. UVM has made no effort to spell out the nature of the impact on the trial that might result from eliminating the tort counts. It has not compared the evidence that might be presented in each instance, or demonstrated any reduction in the time needed to prepare motions, memoranda, instructions, or other trial documents and papers. In short, no abuse of discretion can be gleaned from the record.

The balance of defendant's issues do not present "controlling question[s] of law as to which there is substantial ground for difference of opinion . . . ." V.R.A.P. 5(b)(1).

*Motion dismissed.*