0567

James W. W. McDONALD and Nellie M. McDonald, Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(336 S. E. (2d) 492)

Court of Appeals

*Bachman S. Smith, III,* and *Harvey Brockinton, Jr.,* of *Brockinton, Brockinton & Smith,* Charleston, *for appellant.*

*Michael A. Scardata* of *Morris, Duffy & Boone,* Charleston, *for respondent.*

Heard Sept. 16, 1985.

Decided Oct. 28, 1985.

SANDERS, Chief Judge:

This case requires us once more to probe the murky depths of the South Carolina Automobile Reparation Reform Act of 1974, Sections 56-11-110 to -800, Code of Laws of South Carolina, 1976, as amended. The issue presented in the Circuit Court and on appeal is whether insureds are entitled to collect benefits required to be provided by the Act and provided by a motor vehicle insurance policy despite the fact they are injured while occupying a vehicle other than the one on which the policy was issued and despite the further fact the policy contains a provision excluding injuries received while occupying the other vehicle.[1] The Circuit Court Judge resolved this issue in favor of respondents James and Nellie McDonald and adversely to appellant State Farm Mutual Automobile Insurance Company by granting summary judgment for Mr. and Mrs. McDonald against State Farm. We affirm.

The facts are undisputed. Mr. McDonald and his wife, Mrs. McDonald, were injured in an accident while he was driving a Volkswagen car owned by him and she was riding as a passenger in it. As a result of their injuries, they incurred losses consisting of medical expenses and lost earnings totaling $1,071.47. The car was insured by a policy issued by State Farm, but the policy did not provide coverage for these

---

[1] The benefits required to be provided by the Act are commonly called PIP benefits or APIP benefits. As hereafter discussed, these benefits are required by Sections 56-11-110 and 56-11-120, Code of Laws of South Carolina, 1976, as amended. PIP benefits are required by Section 56-11-110. APIP benefits are required by Section 56-11-120. Although a 1978 amendment to the Act makes PIP benefits optional with the insured, both PIP and APIP benefits are nonetheless required because the Act still requires insurance companies to provide them. *Busby v. State Farm Mut. Auto. Ins. Co.,* 280 S. C. 330, 312 S. E. (2d) 716 (Ct. App. 1984).

losses. At the time of the accident, Mr. McDonald had another insurance policy in effect with State Farm on a Chevrolet pickup truck which he also owned. Both Mr. and Mrs. McDonald were insured under this policy. By the terms of the policy, State Farm agreed to pay medical expenses and loss of income up to a maximum of $5,000 for an accidental injury to an insured resulting from the "use of a motor vehicle." The policy contained a provision purporting to exclude from the coverage an injury to Mr. or Mrs. McDonald while occupying a motor vehicle owned by either of them.[2]

Two code sections which are a part of the Act are directly applicable to these facts.[3] Section 56-11-110 requires an insurance policy of the kind involved here to provide certain minimum benefits at the option of the insured. Included among the benefits required to be provided at the option of the insured are benefits for medical expenses and loss of earnings up to $1,000 per person. This section further requires that these benefits cover the person insured "injured in any motor vehicle accident."

Section 56-11-120 requires that no application for such an insurance policy shall be taken unless the same kind of

---

[2] The policy further provided that the exclusion would not apply to Mr. McDonald's car, if the coverage was carried on it or to a newly acquired car. Neither of these exceptions to the exclusion is applicable here. The coverage was not carried on the Volkswagen and Mr. and Mrs. McDonald do not contend that the car was newly acquired.

[3] In addition to these two sections, State Farm cites as applicable, language contained within a third section. The language cited is from subsection (b) of Section 56-11-150:

> As to any person injured in an accident while occupying a motor vehicle for which the coverage required by § 56-11-110 *is in effect* . . ., the benefits shall be payable by the *insurer of the motor vehicle.* (Emphasis added.)

State Farm argues this language "indicates" the Act does not require "PIP benefits on one automobile [to] be extended to include an automobile on which the insured has chosen not to acquire PIP benefits." We do not read Section 56-11-150 as indicating this. Section 56-11-110 clearly requires the coverage, not for motor vehicles, but rather for insureds injured in any motor vehicle accident. A proper reading of Section 56-11-150 in its entirety, including the subsections which precede and follow subsection (b), reveals that the section limits the coverage required by Section 56-11-110 only in the event of multiple coverages or where the insured has recovered Workers' Compensation benefits.

benefits as those required by Section 56-11-110 are offered "with alternative benefit levels, at the option of such insured, of $1,500, $2,000, $2,500 or $5,000."

Although Mr. McDonald did not exercise his option to have benefits for medical expenses and loss of earnings included in the policy issued on the Volkswagen, he and Mrs. McDonald did have this coverage as a part of the policy issued on the Chevrolet at the $5,000 "benefit level."

## I

Except for the exclusion contained in the policy, it is clear that although Mr. and Mrs. McDonald were injured while occupying the Volkswagen, they would be entitled to collect the benefits which they seek under both the terms of the policy issued on the Chevrolet and the requirements of the Act. The policy provides coverage for an accidental injury to an insured resulting from the "use of a motor vehicle." Aside from the exclusion, the policy does not limit the coverage to injuries received while using any particular motor vehicle. Section 56-11-110 requires coverage for an insured "injured in any motor vehicle accident." The amount of coverage purchased by Mr. McDonald pursuant to Section 56-11-120 is obviously in excess of the benefits he and Mrs. McDonald seek to collect.

## II

It is equally clear that the exclusion is invalid under the Act. Section 56-11-110 allows exclusions from the coverage it requires only for "such persons as may be specifically excluded in accordance with law." Section 56-11-170 sets out four authorized exclusions.[4] None of these exclusions is applicable under the facts of this case. The policy issued by State Farm lists the exclusions authorized by this section and then attempts to further limit its coverage by adding several unauthorized exclusions including the exclusion in issue.

The Court of Appeals of Maryland recently rejected such

---

[4] In addition to the exclusions authorized by Section 56-11-170, a fifth exclusion is authorized under certain circumstances by Section 56-11-250. The exclusion authorized by this section, like the exclusions authorized by Section 56-11-170, is inapplicable here.

an attempt by an insurance company in *Pennsylvania National Mutual Casualty Insurance Co. v. Gartleman,* 288 Md. 151, 416 A. (2d) 734 (1980). In reaching this result, the court first reviewed a Maryland statute strikingly similar to the South Carolina Act. *See* Md. Ann. Code art. 48A, §§ 539 and 545 (1979). Section 539 requires coverage for benefits comparable to those required by Section 56-11-110. Section 545 authorizes the identical exclusions authorized by Section 56-11-170.

The Court next stated principles of statutory construction applicable in Maryland:

> The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. (Citations omitted.) Where a statute expressly provides for certain exclusions, others should not be inserted. (Citations omitted.) Any provision of an automobile liability insurance policy which conflicts with the requirements of the statute regulating such policies is invalid. (Citations omitted.)

*Pennsylvania National Mutual Casualty Insurance Co. v. Gartleman,* 288 Md. at 156, 416 A. (2d) at 737.

These principles are also applicable in South Carolina. *See, e.g., Bankers Trust of South Carolina v. Bruce,* 275 S. C. 35, 267 S. E. (2d) 424 (1980) (the cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent wherever possible); *Vernon v. Harleysville Mutual Casualty Co.,* 244 S. C. 152, 135 S. E. (2d) 841 (1964) (where an insurance policy is issued pursuant to a statute which authorizes an exception to coverage, all other exceptions are excluded); *Hogan v. Home Insurance Co.,* 260 S. C. 157, 194 S. E. (2d) 890 (1973) (if a provision in an insurance policy excluding coverage is in conflict with the requirements of a statute, the statute controls).[5]

The court then concluded that the exclusion which the insurance company added to the policy was invalid because

---

[5] *See also Belk v. Nationwide Mut. Ins. Co.,* 271 S. C. 24, 244 S. E. (2d) 744 (1978) (an insurance policy issued pursuant to a statute may give more coverage than the statute requires but not less).

it was not authorized by the statute. We reach the same result for the same reason.[6]

State Farm argues that the Maryland case is inapplicable in South Carolina because a 1978 amendment to Section 56-11-110 makes the benefits which the section requires to be provided optional with the insured, whereas in Maryland the benefits are absolutely required. We reject this argument.

When the legislature amended the Act to make the benefits required to be provided optional with the insured, it could have further amended Section 56-11-110 to eliminate the requirement of this section that the benefits cover an insured injured in any motor vehicle accident, but it did not. The legislature also could have amended Section 56-11-170 so as to add the exclusion which State Farm added to the policy, but it did not. The legislature can still amend these sections, but this court cannot. *Busby v. State Farm Mutual Automobile Insurance Co.*, 280 S. C. 330, 312 S. E. (2d) 716 (Ct. App. 1984).

For these reasons, the judgment of the Circuit Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.

---

[6] We are aware that the Court of Civil Appeals of Texas construing a similar Texas statute has reached an opposite result in *Holyfield v. Members Mut. Ins. Co.*, 566 S. W. (2d) 28 (Tex. Civ. App. 1978), *writ ref'd n.r.e.*, 572 S. W. (2d) 672 (Tex. 1978). However, we do not find the reasoning of the Texas Court in this case persuasive as compared with that of the Maryland Court in *Pennsylvania Nat'l. Mut. Ins. Co. v. Gartleman*, 288 Md. 151, 416 A. (2d) 734 (1980).