0945

Franklin W. BRATCHER, Respondent v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY and Welton C. Bratcher, Defendants, Appeal of NATIONAL GRANGE MUTUAL Insurance Company is Appellant.

(356 S. E. (2d) 151)

Court of Appeals

*W. Howard Boyd, Jr.*, of *Rainey, Britton, Gibbes & Clarkson*, Greenville, *for appellant.*

*Stephen K. Haigler*, Anderson, *for respondent.*

Heard March 25, 1987.

Decided April 27, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court declaring that respondent Franklin W. Bratcher is entitled to collect certain underinsured motorist benefits from appellant National Grange Mutual Insurance Company. We affirm.

Franklin Bratcher was riding as a passenger in a car owned and being driven by his father, Welton C. Bratcher.

The car was involved in an accident in which Franklin Bratcher was seriously injured. Welton Bratcher was at fault in causing the accident. The car was insured under a policy issued to him by National Grange. The policy provided liability coverage in the amount of $50,000 and underinsured motorist coverage in the same amount. It contained the following provisions:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of:
>
>> 1. Bodily Injury sustained by a covered person and caused by an accident ...
>
> . . . . .
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.
> We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.
> "Covered person" as used in this endorsement means:
>
>> 1. You [Welton Bratcher] or any family member.
>
> . . . . .
>
> "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident. . . .
> However, "underinsured motor vehicle" does not include any vehicle or equipment:
>
> . . . . .
>
>> 2. Owned by or furnished or available for the regular use of you [Welton Bratcher] or any family member. . . .

National Grange settled the claim of Franklin Bratcher under the liability coverage provided by the policy but denied his claim for underinsured motorist benefits, relying on the provision of the policy which purported to exclude vehicles owned by Welton Bratcher from the definition of an underinsured motor vehicle.

The parties agreed to defer the question of whether Franklin Bratcher was entitled to the underinsured motorist benefits for determination in a subsequent declaratory judgment action. They further stipulated that, if he were entitled to these benefits, he would be entitled to the limits of the coverage provided by the policy.

Franklin Bratcher brought the instant suit for declaratory judgment as envisioned by the agreement of the parties.

The Circuit Court ruled that Franklin Bratcher is entitled to collect the underinsured motorist benefits because the exclusion relied on by National Grange is in conflict with Section 56-9-831, Code of Laws of South Carolina, 1976, as amended.

Section 56-9-831 requires automobile liability insurance carriers to provide coverage for damages sustained in excess of the liability limits carried by an at fault insured or underinsured motorist.

The single issue presented on appeal is whether the provision of the policy purporting to exclude vehicles owned by Welton Bratcher from the definition of an underinsured motor vehicle is valid.

Our Supreme Court has adopted a policy of construing motor insurance statutes strictly against insurers. *Pennsylvania National Mutual Casualty Insurance Co. v. Parker*, 282 S. C. 546, 320 S. E. (2d) 458 (Ct. App. 1984).

"[W]here an insurance policy is issued pursuant to a statute which authorizes an exception to the coverage, all other exceptions are excluded." *McDonald v. State Farm Mutual Automobile Insurance Co.*, 287 S. C. 40, 44, 336 S. E. (2d) 492, 494 (Ct. App. 1985).

Section 56-9-831 authorizes insurance carriers to restrict the amount of underinsured motorist coverage to the limits of the liability coverage but does not authorize any other restriction on the underinsured motorist coverage. *See Gambrell v. Travelers Insurance Companies*, 280 S. C. 69, 71, 310 S. E. (2d) 814, 816 (1983) ("The only restriction recognized by the statute is that an insured may not have a greater amount of underinsured motorist coverage than he has liability coverage.").

For these reasons, we hold that the exception from cover-

age which National Grange included in its policy is invalid. *Cf. Hogan v. Home Insurance Co.*, 260 S. C. 157, 194 S. E. (2d) 890 (1973) (policy provision purporting to exclude resident relatives of the named insured from underinsured motorist coverage except when occupying the insured vehicle constitutes a limitation on the coverage required by the Financial Responsibility Act and is, therefore, invalid); *McDonald, supra* (policy provision purporting to exclude the insureds from coverage for medical expenses and lost wages resulting from injuries sustained in a vehicle which they owned other than the insured vehicle constitutes a limitation on the coverage required by the Automobile Reparation Reform Act and is, therefore, invalid); *Pennsylvania National, supra* (policy provision purporting to exclude a vehicle owned by the insured and used for business or commercial purposes from liability coverage constitutes a limitation on the coverage required by the Motor Vehicle Financial Responsibility Act and the Automobile Reparation Reform Act and is, therefore invalid).

National Grange argues that to allow recovery under both the liability and the underinsured motorist coverages of the policy will effectively transform underinsured motorist coverage into liability coverage, resulting in insurance carriers charging more for underinsured motorist coverage to match the cost of the presently more expensive liability coverage. Some courts have embraced this argument in refusing to allow a dual recovery. *E.g., Miller's Casualty Insurance Co. of Texas v. Briggs*, 100 Wash. (2d) 1, 665 P. (2d) 891 (1983). However, we must decline to do so under principles articulated in Busby v. State Farm Mutual Automobile Insurance Co., 280 S. C. 330, 337, 312 S. E. (2d) 716, 720 (Ct. App. 1984):

> In the interpretation of statutes our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature. We must do this based upon the words of the statutes themselves. To do otherwise is to legislate, not interpret. The responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts.

The legislature can amend its statute so as to authorize the exception which National Grange included in its policy, but this Court cannot.

Accordingly, the order of the Circuit Court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.