**NATIONAL UNION FIRE INSURANCE COMPANY,** Plaintiff–Appellant, v. **DOROTHEA FERREIRA,** Defendant–Appellee

NO. 14059

(USDC NO. 89–00166 HMF)

MAY 1, 1990

LUM, C.J., HAYASHI, WAKATSUKI, AND MOON, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA, IN PLACE OF PADGETT, J., RECUSED

OPINION OF THE COURT BY HAYASHI, J.

This opinion addresses a certified question from the United States District Court for the District of Hawaii on the subject of underinsured motorist benefits. At issue is the proper interpretation and application of former HRS § 431–448.

## I.
## FACTUAL BACKGROUND

The relevant facts are not in dispute.

On May 16, 1986, Defendant–Appellee Dorothea Ferreira (Ferreira) was a passenger in her insured motor vehicle when it

was rear–ended by an uninsured motorist. Ferreira sustained whiplash–type injuries as a result of this accident.

Plaintiff–Appellant National Union Fire Insurance Company (National Union) had issued an automobile insurance policy to Ferreira which was in effect on the accident date. The policy includes: 1) no–fault coverage with a policy limit of $15,000; 2) uninsured motorist coverage with a policy limit of $35,000; and 3) underinsured motorist coverage with a policy limit of $35,000. The policy does not define underinsured motorist benefits nor does it state when such benefits are either applicable or excluded.

National Union paid Ferreira $15,000 in no–fault benefits and $35,000 in uninsured motorist benefits. National Union, however, denied Ferreira any underinsured motorist benefits.

National Union subsequently filed an action for declaratory judgment in the United States District Court for the District of Hawaii, seeking a declaration that National Union was not required to pay underinsured motorist benefits to Ferreira. Motions for summary judgment were then filed by the respective parties on the issue of whether National Union was obligated to pay underinsured motorist benefits to Ferreira.

This certified question from the United States District Court for the District of Hawaii followed.

## II.
## QUESTION PRESENTED

The certified question we now address is one of first impression in this jurisdiction. It states (emphasis added):

May an injured insured person receive both uninsured motorist coverage benefits and ***underinsured motorist coverage benefits*** under the terms of the insureds' policy if the insured paid a premium for both

types of coverage and the insured was injured as a result of the sole negligence of an *uninsured motorist*?

### III.
### UNDERINSURED MOTORIST BENEFITS

"Insurance policies are governed by statutory requirements in force and effect at the time such policies are written." 13 J. Appleman, *Insurance Law & Practice* § 7382, at 23 (1976) (footnote omitted). "Such provisions are read into each policy issued thereunder, and become a part of the contract with full binding effect upon each party." *Id.* at 23–24 (footnote omitted).

Former HRS § 431–448 (1985),[1] which was in effect at the date of the accident, provided in respective part (emphasis added):

> **Automobile liability; coverage for damage by uninsured or underinsured motor vehicle.**
>
> . . . .
>
> (b) Each insurer shall offer to each policyholder or applicant for a motor vehicle liability policy *optional additional insurance coverage* for loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from owners or operators of *underinsured motor vehicles.*
>
> (c) The term *"underinsured motor vehicle,"* as used in this section, means a motor vehicle with respect to the ownership, maintenance, or use of which *the sum of the limits of liability of all bodily injury liability insurance coverage applicable at the time of loss to which*

---

[1] The material provisions at issue, subsections (b) and (c) of HRS § 431–448, took effect on January 1, 1986. *See* Act 181, §§ 4, 8, 1985 Haw. Sess. Laws 311, 313.

Effective July 1, 1988, former HRS § 431–448 was repealed and reenacted in its newly amended form as part of the Insurance Code. *See* Act 347, §§ 1, 2, 4, 1987 Haw. Sess. Laws 1, 113, 342. Former HRS § 431–448 is now codified as HRS § 431:10–213. *See also* HRS § 431:10C–103(22).

*coverage afforded by such policy or policies applies is less than the liability for damages imposed by law.* A motor vehicle shall also be deemed uninsured within the meaning of this section if, after the occurrence of a loss described in this section, the owner or operator thereof is unknown.

National Union contends that Ferreira is not entitled to receive underinsured motorist benefits, while Ferreira counters otherwise.

The underlying issue, in essence, is whether Ferreira is entitled to receive underinsured motorist benefits pursuant to HRS § 431–448, where the tortfeasor was an uninsured motorist.

This court's primary duty in interpreting and applying statutes is to ascertain and give effect to the legislature's intention to the fullest degree. *Kaiser Hawaii Kai Dev. Co. v. City & County*, 70 Haw. 480, 777 P.2d 244 (1989); *Reefshare, Ltd. v. Nagata*, 70 Haw. 93, 762 P.2d 169 (1988).

The fundamental starting point for statutory interpretation is the language of the statute itself. *Kaiser Found. Health Plan, Inc. v. Department of Labor and Indus. Relations*, 70 Haw. 72, 762 P.2d 796 (1988). And where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. *Id.*; *see also Sandy Beach Defense Fund v. City Council*, 70 Haw. 361, 773 P.2d 250 (1989).

A prerequisite to the term "underinsured motor vehicle," under the plain and obvious meaning of HRS § 431–448(c), is the existence of "bodily injury liability insurance coverage[,]" which is "less than the liability for damages imposed by law." Where a tortfeasor has no bodily injury liability insurance coverage, therefore, he is not underinsured under the provisions of HRS § 431–448(b) and (c). Rather, he is uninsured.

We believe that in enacting HRS § 431–448(b) and (c), the legislature intended to create separate and distinct types of insurance coverages — underinsured and uninsured. In other words, the

terms underinsured and uninsured, in our view, are mutually exclusive as applied to the same motor vehicle. The combination of these two coverages by the insured, as Ferreira urges before this court, was not the legislature's intent in its enactment of HRS § 431–448(b) and (c). In the context of HRS § 431–448(b) and (c), underinsured motorist coverage applies when there is insufficient bodily injury liability insurance coverage. Conversely, it does not apply when there is a complete absence of such coverage.

We reject Ferreira's contention that the phrase "sum of the limits of liability of all bodily injury liability insurance coverage applicable at the time of loss[,]" as codified in HRS § 431–448(c), includes the insureds' uninsured motorist coverage under the insureds' automobile insurance policy. Bodily injury liability insurance coverage and uninsured motorist coverage constitute separate and distinct types of insurance coverages under Hawaii law. *Compare* HRS § 294–10(a) *with* HRS § 431–448(a).

## IV.
## CONCLUSION

Based on the foregoing reasons, we answer the certified question in the negative.

*Carleton B. Reid* (*J. Thomas Weber* with him on the briefs; Davis, Reid & Richards, of counsel), for Plaintiff–Appellant.

*Benjamin L. Carroll, III* (*Magali V. Richter* and *Tharrington T. Trusdell* with him on the brief; McKenzie, Trecker & Fritz, of counsel), for Defendant–Appellee.