**Betty Coleman JONES, as trustee for the heirs and next of kin of Andrew Kyles, Jr., Appellant,**

v.

**SENTRY INSURANCE COMPANY, a Mutual Company, Respondent.**

No. C2–90–1295.

Court of Appeals of Minnesota.

Oct. 30, 1990.

Patrick K. Horan, Meshbesher, Singer & Spence, Ltd., St. Paul, for appellant.

James D. Knudsen, Stich, Angell, Kreidler & Muth, P.A., Minneapolis, for respondent.

Considered and decided by GARDEBRING, P.J., and KLAPHAKE and THOREEN, JJ *.

### OPINION

KLAPHAKE, Judge.

Betty Jones (Jones) as trustee for the heirs and next of kin of Andrew Kyles challenges the trial court's grant of sum-

---

* Acting as judge of the court of appeals by ap-          pointment pursuant to Minn. Const. art. VI, § 2.

mary judgment holding that Jones' prior settlement with liability insurers precludes recovery of uninsured motorist coverage from Sentry Insurance Company (Sentry).

## FACTS

On September 15, 1987, Andrew Kyles was killed in a one vehicle accident. Kyles was a passenger in the vehicle which was driven by his brother, Leroy Kyles, who carried no insurance. At the time of the accident, the decedent was a named insured under a policy with Sentry which provided for $50,000 limit per person of uninsured motorist coverage.

The vehicle involved in the accident was owned by Stone's Auto Mart, which was insured with a business auto policy issued by CNA Insurance. Stone's Auto Mart also had a commercial auto policy with MSI Insurance. Stone's Auto Mart tendered defense of this action to CNA and MSI, but both denied coverage. During settlement negotiations, however, both insurers offered to settle all claims by partial payment of policy limits, although each company still denied liability. Eventually, Jones settled for $87,500, of which MSI paid $22,500 and CNA paid $65,000.

Jones subsequently brought a declaratory judgment action against Sentry, seeking to establish the applicability of the uninsured motorist policy. Sentry moved for summary judgment, arguing that acceptance of a settlement from the vehicle owner's two liability insurers precluded recovery on Andrew Kyles' uninsured motorist coverage. The trial court granted Sentry's motion.

## ISSUE

Did the trial court err in holding that Jones was not entitled to uninsured motorist coverage because she had received settlement payments from the liability carriers?

## ANALYSIS

Jones argues the trial court erred in granting Sentry's summary judgment motion because, although MSI and CNA made settlement payments, their continued denial of coverage allowed for recovery of uninsured motorist coverage under the policy with Sentry. On an appeal from summary judgment, this court must review the record to determine whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn.1989).

Under its policy, Sentry agrees to pay its insureds all sums the insured is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The policy contains three different definitions of uninsured motor vehicle. The parties have focused on the third definition which states:

> An uninsured motor vehicle also includes a motor vehicle which has insurance available at the time of the car accident but the company writing it is or becomes insolvent or denies coverage.

MSI's settlement release with Jones states that payment is not to be construed as an "admission of liability on the part of Stone's Auto Mart, Inc. and MSI Ins. Company by whom liability is denied." CNA's settlement release states "settlement shall not be construed as an admission of liability."

Where a liability carrier initially denies coverage of a motor vehicle but prior to trial admits coverage, the vehicle "is *not* an uninsured motor vehicle within the meaning of the policy provision." *Fryer v. Nat'l Union Fire Ins. Co.*, 365 N.W.2d 249, 254 (Minn.1985) (emphasis in original). A motor vehicle is also not uninsured if a liability carrier initially denies coverage and settles without ever admitting coverage. *Rister v. State Farm Mut. Auto. Ins. Co.*, 668 S.W.2d 132, 136 (Mo.App.1984).

Based on the decisions in *Fryer* and *Rister*, we hold that despite MSI and CNA's continued denial of coverage, once Jones accepted the settlement offers, Sentry was no longer potentially liable under its uninsured motorist policy. This result is consistent with the purpose of uninsured motorist coverage, to give the victim injured by an uninsured motorist coverage which a

victim would potentially receive if an insured motorist caused the accident. *See* Minn.Stat. § 65B.42(1) (1988).

## DECISION

When Jones received payment from the liability carriers, that payment eliminated her right to receive compensation under the uninsured motorist provision of her Sentry policy. We affirm the trial court's grant of Sentry's summary judgment motion.

Affirmed.