**LUCY KANG**, Plaintiff–Appellant, v. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant–Appellee, and **JOHN DOES 1–10, DOE CORPORATIONS, PARTNERSHIPS**, and/or **OTHER ENTITIES 1–10**, Defendants

NO. 14335

(CIV. NO. 88–3264)

JULY 24, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY MOON, J.

Plaintiff–appellant Lucy Kang (Kang), a passenger in a motor vehicle owned and driven by Agnes Kim (Kim), was seriously injured when Kim lost control of the vehicle and struck a concrete wall. Kang sought both liability and underinsured motorist benefits under a policy issued to Kim by defendant–appellee State Farm Mutual Automobile Insurance Company (State Farm). State Farm paid Kang the policy limit under the liability coverage but denied underinsured motorist coverage on the ground that the policy definition of underinsured vehicle excludes the insured vehicle. In this action by Kang to recover underinsured motorist benefits, the trial court granted summary judgment for State Farm. On appeal, Kang contends that the policy exclusion is in derogation of both Hawaii's underinsured motorist statute and public policy. We disagree and affirm summary judgment in favor of State Farm.

## I.

The motor vehicle insurance policy issued by State Farm to Kim included both liability coverage and underinsured motorist coverage in the amount of $35,000 each. The underinsured motorist provision of the policy reads as follows:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *underinsured motor vehicle*.

(Emphasis in original.)

The policy also contains the following exclusion:

> An *underinsured motor vehicle* does not include a land motor vehicle:
> 1.   insured under the liability coverage of this policy[.]

(Emphasis in original.)

Kang made a claim for bodily injury liability benefits under the policy, and State Farm paid Kang the policy limit of $35,000.00. In addition, Kang sought and received the policy limit of $35,000.00 in underinsured motorist benefits under her own automobile insurance policy with National Union Fire Insurance Company. Kang also made a claim for underinsured motorist benefits under Kim's policy, which State Farm denied based on the exclusion set forth above.

## II.

It is undisputed that the vehicle in question was insured under the liability portion of the State Farm policy and that Kang received the limit of liability coverage. Therefore, under the plain language of the "insured under the liability coverage of this policy" exclusion, the vehicle is not an "underinsured motor vehicle," and is thus excluded from underinsured motorist coverage. The dispositive issue in this appeal is whether a policy exclusion which bars dual recovery of underinsured and liability benefits under a single policy is valid.

### A.

Kang argues that because her damages exceeded the policy limits received under Kim's liability policy as well as from her own underinsured motorist coverage, the accident vehicle falls within the plain language of the statutory definition of underinsured motor vehicle, thereby invalidating the conflicting policy exclusion.

Hawaii's underinsured motorist statute, Hawaii Revised Statutes (HRS) § 431–448(b), promulgated in 1985, required

insurers to offer optional underinsured motorist coverage. HRS § 431–448(b) provided:

> Each insurer shall offer to each policyholder or applicant for a motor vehicle liability policy optional additional insurance coverage for loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from owners or operators of underinsured motor vehicles.

At the time of the accident (December 8, 1986), an "underinsured motor vehicle" was defined as

> a motor vehicle with respect to the ownership, maintenance, or use of which the sum of the limits of liability of all bodily injury liability insurance coverage applicable at the time of loss to which coverage afforded by such policy or policies applies is less than the liability for damages imposed by law.

HRS § 431–448(c) (since recodified as HRS § 431:10C–103(22)).

This court has repeatedly stated that the basic tenet of statutory interpretation is that our courts are bound by the plain, clear, and unambiguous language of the statute unless literal construction would produce absurd or unjust results that are clearly inconsistent with the purposes and policies of the statute. *Hawaiian Ins. & Guar. Co. v. Financial Sec. Ins. Co.*, 72 Haw. 80, 807 P.2d 1256 (1991); *Sherman v. Sawyer*, 63 Haw. 55, 621 P.2d 346 (1980). We further reiterate that "[t]his court's primary duty in interpreting and applying statutes is to ascertain and give effect to the legislature's intention to the fullest degree." *National Union Fire Ins. Co. v. Ferreira*, 71 Haw. 341, 345, 790 P.2d 910, 913 (1990) (citations omitted).

The language of the underinsured motorist statutes does not suggest in any way that the legislature intended to mandate that a claimant be entitled to a dual recovery of liability and underinsured motorist benefits under a single policy. Underinsured motorist

coverage was designed to protect against loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from an owner or operator of an underinsured motor vehicle. The stated purpose of the statute was that it be consistent "with the overall intent of the no–fault law to provide speedy and adequate protection to persons injured in motor vehicle accidents *at the least possible cost*." Senate Stand. Comm. Rep. No. 689, 1985 Senate Journal, at 1181 (emphasis added). When the statute was recodified in 1988, both the House and Senate agreed that "[u]nder this bill, underinsured motorist coverage would be treated in the same manner that uninsured motorist coverage is presently treated, i.e. as a means of protection, through voluntary insurance, for persons who are injured by motorists whose liability policies are inadequate to pay for personal injuries." House Conf. Comm. Rep. No. 126–88, 1988 House Journal, at 826; Senate Conf. Comm. Rep. No. 215, Senate Journal, at 675.

Hawaii's appellate courts have not yet considered the validity of insurance policy exclusions prohibiting dual recovery of liability and underinsured motorist benefits under a single policy. However, we are persuaded by the rationale of the majority of jurisdictions which have permitted such exclusions.[1] That rationale is aptly stated by Professor Widdis in his treatise on uninsured and underinsured motorist insurance:

> One persuasive reason for sustaining this limitation on coverage is to preclude transforming underinsured motorist insurance into liability insurance for the operators of a motor vehicle covered by the applicable motor vehicle policy which includes both coverages.

---

[1] *See Duran v. Hartford Ins. Co.*, 160 Ariz. 223, 772 P.2d 577 (1989); *Poehls v. Guaranty Nat'l Ins. Co.*, 436 N.W.2d 62 (Iowa 1989); *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288 (Minn. 1983); *Newkirk v. United Servs. Auto. Ass'n*, 388 Pa. Super. 54, 564 A.2d 1263 (1989); and *Millers Casualty Ins. Co. of Texas v. Briggs*, 100 Wash. 2d 1, 665 P.2d 891 (1983).

*    *    *

Such a transformation certainly is neither intended by insurers nor contemplated in setting the premiums for coverage. Accordingly, the enforceability of this limitation in the underinsured motorist insurance represents one of the instances in which the coverage is sufficiently distinctive to warrant a different view of the enforceability of such a limitation. In this context, the fact that purchasers of underinsured motorist coverage have considerable latitude in regard to selecting the coverage limits is a matter of significant import.

2 Widdis, *Uninsured and Underinsured Motorist Insurance*, "Coverage Limitations For the Insured Motor Vehicle," § 35.5, at 56–57 (2d ed. 1985).

In the present case, acceptance of Kang's argument would allow Kang to recover for Kim's negligence under both the liability and underinsurance provisions of the State Farm policy, which would in effect transform underinsured motorist coverage into liability coverage and thus create a duplication of liability benefits. We do not believe that such a result is consistent with the legislative intent. The Hawaii legislature recognized the distinction in coverages when it mandated bodily injury liability coverage for each motor vehicle pursuant to HRS § 294–10(a) and left the purchase of uninsured and underinsured coverages as optional under § 431–448(c). This court has also recognized the distinction among liability, uninsured, and underinsured motorist coverages. *See National Union Fire Ins. Co. v. Ferreira*, 71 Haw. 341, 790 P.2d 910 (1990).

In *Millers Casualty Insurance Co. of Texas v. Briggs*, 100 Wash. 2d 1, 665 P.2d 891 (1983), the Supreme Court of Washington held that passengers injured in a one–car accident were prohibited from recovering both liability and underinsured motorist benefits under the same policy despite the same arguments

asserted here that the policy exclusion was in derogation of the statute and public policy.

The Washington Supreme Court stated that the fact that the passengers were not fully compensated by the liability coverage did not change its conclusion that public policy and the underinsured motorist statute did not require dual recovery under the circumstances. The Washington court further explained its decision:

> Our conclusion is also dictated by common sense and the consuming public's general understanding of coverage under these circumstances. The owner of a vehicle purchases liability insurance to, among other things, protect passengers in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages caused by another vehicle which is underinsured. An insured wishing to avoid personal liability, and protect his passengers, may simply increase the liability insurance. The result of dual recovery in the instant case would transform underinsured motorist coverage into liability insurance. This result would cause insurance companies to charge substantially more for underinsured motorist coverage in order to match the cost of that coverage with the presently more expensive liability coverage. This increase in cost would discourage consumers from purchasing underinsured coverage, an important protection presently available for a minimal cost.

*Millers Casualty*, 100 Wash. 2d at 8, 665 P.2d at 895.

There appears to be only one reported case, upon which Kang heavily relies, that supports the invalidation of an exclusion prohibiting "stacking" of underinsured motorist and bodily injury coverage under a single policy. In *Bratcher v. National Grange Mutual Insurance Co.*, 292 S.C. 330, 356 S.E.2d 151 (Ct. App.

1987), the South Carolina Court of Appeals noted that its underinsured motorist statute restricted the amount of underinsured motorist coverage to the limit of the liability coverage. They characterized this restriction as an "exception" and then applied the South Carolina Supreme Court's rule of statutory construction that "where an insurance policy is issued pursuant to a statute which authorizes an exception to the coverage, all other exceptions are excluded." 292 S.C. at 332, 356 S.E.2d at 152 (quoting from *McDonald v. State Farm Mut. Auto. Ins. Co.*, 287 S.C. 40, 44, 336 S.E.2d 492, 494 (Ct. App. 1985)). The *Bratcher* court reasoned that since the exclusion at issue in that case was not specifically authorized by statute, such exclusion was invalid.

We cannot accept the rationale of the Court of Appeals of South Carolina. In Hawaii, the legislative history of the underinsured motorist statute gives no indication of any legislative intent that the statute be implemented in such a heavy-handed manner. Moreover, in none of the cases in which this court has rejected a challenged policy exclusion has the decision been based upon a blanket prohibition against any exclusion not specifically enumerated by the legislature.

## B.

Kang also relies on a recent Hawaii federal district court case to support her argument that the exclusion is void as against public policy. In *Kim v. State Farm Mutual Automobile Insurance Co.*, 736 F. Supp. 218 (D. Haw. 1990), the dispute arose out of the same accident as in the present case. Plaintiff Sylvia Kim, who was also a passenger, sustained substantial injuries. Sylvia Kim is the daughter of driver Agnes Kim and was living with her parents at the time of the accident. In addition to the accident vehicle, State Farm insured two other vehicles owned by the Kim family. Sylvia Kim claimed that she was entitled to receive benefits under the underinsured motorist coverages on the other vehicles in addition to her recovery under the bodily injury coverage of the accident

vehicle. State Farm denied the claim based on a policy exclusion different from the one at issue in this case. That exclusion states:

> An underinsured motor vehicle does not include a land motor vehicle:
>
> . . . .
>
> 2.   furnished for the regular use of you, your spouse or any relative[.]

The court ruled that the exclusion was invalid because it "does not further the legislature's intent to require that insurance carriers provide adequate insurance coverage to the citizens of this state." *Kim*, 736 F. Supp. at 222–23 (footnote and citations omitted). The court explained that "[b]ecause there is no explicit Hawaii statutory authority that permits the exclusion at issue, this court concludes that the exclusion . . . violates the strong public policy of this state[.]" *Kim*, 736 F. Supp. at 222. *Kim*, however, is wholly inapplicable to the issue and public policy considerations now before this court.

The federal district court in *Kim* was persuaded by the rationale of *State Farm Mutual Automobile Insurance Co. v. Duran*, 163 Ariz. 1, 785 P.2d 570 (1989). In *Duran*, the Arizona Supreme Court invalidated an exclusionary clause identical to the one at issue in *Kim*. Like *Kim*, the exclusionary clause in *Duran* was contained in policies covering vehicles other than the accident vehicle and was held to be invalid on the identical grounds as in *Kim*.

However, we note that the Arizona Supreme Court was called upon to consider the identical issue as in the present case in *Duran v. Hartford Insurance Co.*, 160 Ariz. 223, 772 P.2d 577 (1989).[2] In that case it upheld the validity of a policy exclusion

---

[2] Like the accident involved in the present case, the accident in *Duran* gave rise to two lawsuits—*Duran v. Hartford Insurance Co., supra*, and *State Farm Mutual Automobile Insurance Co. v. Duran, supra*. The claimant in both these

precluding dual recovery of liability and underinsured motorist benefits under the same policy, in spite of the lack of specific statutory authority permitting such exclusion. The Supreme Court of Arizona specifically approved the reasoning of the Arizona Court of Appeals in *Preferred Risk Mutual Insurance Co. v. Tank*, 146 Ariz. 33, 703 P.2d 580 (Ct. App. 1985). In *Preferred Risk*, the court, in holding that the stacking of underinsured motorist coverage with liability coverage under the same policy was precluded, stated:

> The statute relating to underinsured motorist coverage was clearly designed to permit the prudent insured to protect himself and his family and passengers against the possibility of injury caused by another motorist with insufficient insurance. This is a completely different type of insurance from liability insurance, which protects those who are injured by the negligence of the insured, and which is dealt with by the legislature in a separate statute. *See* A.R.S. § 28–1251 *et seq.* The exclusion challenged by the appellants does not improperly limit the scope of the coverage mandated by A.R.S. § 20–259.01(C) and (E); in fact, it achieves precisely the purpose envisioned by the legislature. When operation of the insured vehicle causes an injury, liability coverage is available to the injured party. By refusing to pay underinsured motorist benefits in addition, that type of coverage is limited to the situation for which it was created—compensation for injuries caused by other motorists who are underinsured. ***Thus, although the statute lacks specific terms permit-***

---

cases was Lisa Duran, a passenger in her grandmother's automobile, insured by Hartford, which was involved in a one–car accident.

*ting the exclusion, we find it consistent with the legislative purpose.*

***Preferred Risk***, 146 Ariz. at 36, 703 P.2d at 583 (emphasis added).

The issue and public policy considerations in ***Kim*** are distinguishable from the present case, and thus Kang's reliance on ***Kim*** is misplaced.

## C.

This court has previously stated that "a primary objective of the Hawaii no–fault law is to reduce motor vehicle insurance cost." ***Hawaiian Ins. & Guar. Co. v. Financial Sec. Ins. Co.***, 72 Haw. 80, 92, 807 P.2d 1256, 1262 (1991). By invalidating the contested policy exclusion in this case, this court would, in effect, eliminate the distinction between liability and underinsured motorist coverage and transform the inexpensive underinsured motorist coverage into the more expensive liability coverage. Consequently, insurers would undoubtedly be compelled to increase the premiums for underinsured motorist coverage, thereby frustrating the legislative objective of optional protection at the least possible cost.

## III.

Based on the foregoing, we affirm the trial court's grant of summary judgment in favor of State Farm.

*Jan T. deWerd* (*David L. Turk* with him on the brief) for plaintiff–appellant Lucy Kang.

*Wayne H. Muraoka* (*David J. Dezzani* and *Corlis J. Chang* with him on the brief) for defendant–appellee State Farm Mutual Automobile Insurance Company.