**NATIONAL FAMILY INSURANCE,
Respondent,**

v.

**Ronald E. BUNTON, Defendant,**

**Gerald A. Bunton, Appellant.**

**BADGER STATE MUTUAL CASUALTY
COMPANY, Respondent,**

v.

**Gerald A. BUNTON, et al., Appellants,**

and

**Milwaukee Mutual Insurance Company,
Plaintiff-Intervenor, Respondent.**

No. C1–93–993.

Court of Appeals of Minnesota.

Dec. 14, 1993.

Eric J. Magnuson, Sarah E. Carlson, Rider, Bennett, Egan & Arundel, Minneapolis, for National Family Ins., respondent.

Gary L. Manka, Katz & Manka, Ltd., Minneapolis, for defendant.

C. Todd Koebele, Thomas Gilligan, Jr., Murnane, Conlin, White & Brandt, St. Paul, for Badger State Mut. Cas. Co., respondent.

Willard Converse, Peterson, Bell, Converse, & Jensen, St. Paul, for Milwaukee Mut. Ins. Co., plaintiff-intervenor, respondent.

Considered and decided by PETERSON, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

PETERSON, Judge.

After accepting settlement payments from an alleged tortfeasor's liability insurer, appellants sought uninsured motorist benefits from respondents. The trial court concluded that appellants were not entitled to recover uninsured motorist benefits because appellants had already settled with the alleged tortfeasor's liability carrier. We affirm.

## FACTS

Gerald Bunton, Donna Bougie and Jaclyn Bauman were passengers in a car driven by Brian Hickerson when the car hit a telephone pole. Liquid fertilizer spilled on the road contributed to the accident. An investigation suggested that a truck owned and driven by Joseph Tessier was the source of the spilled fertilizer.

Bunton, Bougie and Bauman sued Hickerson and Tessier for negligence. When Tessier denied that he had spilled the fertilizer, the three passengers sought uninsured motorist (UM) benefits under the unidentified hit-and-run driver clauses in the insurance policies issued by respondents. Badger State Mutual Casualty Company (Badger) provided UM coverage for the Hickerson vehicle. National Family Insurance Company (National) provided UM coverage for Bunton. Milwaukee Mutual Insurance Company (Milwaukee) provided UM coverage for Bougie.

The insurers refused appellants' demand for arbitration of their UM claims because (1) the identity of the driver of the fertilizer truck was known or (2) that driver's identity could be determined during the liability action. The insurers brought declaratory judgment actions and the district court twice stayed arbitration pending the outcome of the underlying liability action.

The parties settled the underlying liability action without assigning liability.[1] Tessier's

---

1. Bauman also settled all her claims against the insurers and Bougie settled all her claims against

Badger.

liability insurer tendered payment to appellants even though Tessier continued to deny he had spilled the fertilizer. Appellants accepted payment from Tessier's liability carrier and signed *Pierringer* releases. *See generally Frey v. Snelgrove,* 269 N.W.2d 918, 920–22 (Minn.1978) (explaining *Pierringer* releases).

Then Bunton and Bougie again sought UM benefits from respondents and demanded arbitration of their claims. Appellants argued that Tessier's continued denial of liability entitled them to UM benefits under the unknown hit-and-run driver clauses in the policies. The insurers brought summary judgment motions.

The trial court granted summary judgment for the insurers. The court concluded that once Bunton and Bougie accepted settlements from Tessier's liability carrier, the insurers were no longer liable under the UM provisions of their policies. The trial court stated that an insured cannot collect from both a tortfeasor's liability insurer and a UM insurance carrier.

## ISSUE

Did the trial court err in concluding appellants' settlement with Tessier's liability insurer barred their UM claim against respondents?

## ANALYSIS

■ On appeal from a motion for summary judgment, we must examine the record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Interpretation of an insurance policy is a question of law subject to de novo review. *Seaway Port Auth. v. Midland Ins. Co.,* 430 N.W.2d 242, 247 (Minn.App.1988).

The purpose of UM coverage is

to protect against the risk that the motorist who injures the purchaser is uninsured * * * and unable to pay the damages the purchaser is entitled to recover under tort law.

*McIntosh v. State Farm Mut. Auto. Ins. Co.,* 488 N.W.2d 476, 479 (Minn.1992). The injured insured collects under his own policy the amount that the liability carrier would have paid if the tortfeasor had been insured. *Id.*

■ Appellants argue that they are entitled to UM benefits under the unidentified hit-and-run driver clauses in respondents' policies because Tessier denies that he was the driver of the truck that spilled the fertilizer. We disagree.

This court addressed a similar issue in *Jones v. Sentry Ins. Co.,* 462 N.W.2d 90 (Minn.App.1990). The cars and drivers involved in the accident in *Jones* were identified but the liability insurers initially denied coverage. *Id.* at 91. The liability insurers eventually settled with Jones, the trustee for the decedent's heirs, but expressly stated that the settlements were not admissions of liability on the part of the vehicle's owner or its insurers. *Id.* Jones then sought UM coverage from the decedent's insurer under the provision in his policy that defined an uninsured motor vehicle as one for which the insurer denies coverage. *Id.*

This court stated that a car is not an uninsured motor vehicle when a liability carrier initially denies coverage and then settles without ever admitting coverage. *Id.* (citing *Rister v. State Farm Mut. Auto. Ins. Co.,* 668 S.W.2d 132, 136 (Mo.App.1984)). The court held that

once Jones accepted the settlement offers, Sentry was no longer potentially liable under its uninsured motorist policy. This result is consistent with the purpose of uninsured motorist coverage, to give the victim injured by an uninsured motorist coverage which a victim would potentially receive if an insured motorist caused the accident.

*Id.* at 91–92.

Appellants argue that the present case differs from *Jones* because Tessier's insurer did not initially deny coverage. This factual distinction does not make *Jones* inapplicable. *Jones* held that the insurer's potential liability under its UM policy ended because Jones accepted settlement offers from the liability

insurers, not because the liability insurers admitted coverage. *Id.* at 91–92. Similarly, respondents' potential liability under their UM policies ended when appellants accepted settlement offers from Tessier's liability insurer despite the liability insurer's continued denial of liability.

As in *Jones,* this result is consistent with the purpose of UM coverage. By accepting settlement offers from Tessier's liability insurer, appellants received the coverage that they potentially would have received if an identified, insured driver caused the accident.

Given our decision, we need not decide the other issue raised by appellants.

### DECISION

Because appellants accepted settlement offers from Tessier's liability insurer, they cannot seek uninsured motorist benefits from respondents.

**Affirmed.**