[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S APPLICATION TOVACATE ARBITRATION AWARD
The plaintiff has applied to the court to vacate an arbitration award in favor of the defendant in which the arbitration panel denied the plaintiff's claim for underinsured motorist benefits based on its finding that the claimant had failed to exhaust the limits of the tortfeasor's liability coverage. The defendant has filed a cross-application for an order confirming the award. CT Page 8524
The plaintiff's claim for underinsured motorist benefits arose out of an automobile accident that occurred on January 17, 1988, in which the plaintiff sustained injuries while riding as a passenger in a vehicle operated by the principal tortfeasor, Patrick Bourne, when it collided with another vehicle operated by a secondary tortfeasor, one Robin Allard. At the time of the accident, Bourne was a permissive driver of the vehicle, owned by his mother and insured by the Travelers Insurance Company for $50,000 per accident, which limit was exhausted by payments to several claimants, including the plaintiff, who received $26,000 as his proportionate share, as well as the sum of $10,000 which was paid to him from Allard's automobile liability insurance policy.
At the time of the accident, Bourne had his own liability insurance policy with Travelers for $20,000 on each of two cars owned by him. The plaintiff made a claim against Bourne's policy which was rejected by Travelers in a letter dated August 13, 1990 that constituted a formal written denial of coverage, but in December of 1990, the plaintiff accepted a payment of $6,000 in settlement of his claim in exchange for a release and withdrawal as to Bourne although the policy's limits had not yet been exhausted.
The plaintiff was a full time resident of his mother's household at the time of the accident and she was an insured under an automobile liability policy issued to her by the defendant, New Hampshire Insurance Company, which provided $250,000/$500,000 coverage on each of two motor vehicles. The plaintiff's claim under the underinsured motorist coverage of his mother's policy was denied and thereafter, the claim having been submitted to arbitration under the policy, the arbitrators denied the claim on the ground that the policy limits of the Bourne policy had not been exhausted.
The plaintiff alleges in his application to vacate the award that the arbitrators' decision was erroneous in that "it fails to accurately set forth the legal issues involved [and is] based on [an] erroneous understanding of Connecticut Law regarding underinsured motorist coverage." His claims are that the initial denial of coverage triggered an "uninsured" motorist claim which was not affected by the subsequent $6,000 payment, and that because the earlier denial of coverage was "unquestionably valid", the Bourne policy was not a liability policy which was "applicable at the time of the accident" within the meaning of § 38a-336 (d) of the General Statutes and was therefore not subject to the statutory "exhaustion" requirement. CT Page 8525
The plaintiff asserts that he is entitled to a de novo review of "the interpretation and application of law" by the arbitrators because under American Universal Insurance Company v. DelGreco,205 Conn. 178, 191, questions of law decided by arbitrators in compulsory arbitration proceedings pursuant to General Statutes § 38a-336 (c) are subject to that standard of review. The defendant argues, on the other hand, that the Del Greco standard of review applies only where the court is presented with issues of insurancecoverage because the statute expressly limits compulsory arbitration to such issues. Bodner v. United Services AutomobileAssociation, 222 Conn. 480, 488. (Emphasis added).
Although there is some merit to the defendant's argument that the arbitrators were proceeding under a voluntary and unrestricted submission which gave them the power to finally decide all issues of fact or law, the plaintiff has nevertheless alleged the failure of the arbitrators to correctly apply the underinsured motorist statute. Accordingly, the court will construe that claim on the part of the plaintiff as one charging them with a "manifest disregard of the law" under General Statutes § 52-418 (a)(4) even though that ground for vacating awards based on consensual and unrestricted submissions to arbitration has been restricted to "egregious" departures from established law that "border on the irrational." See Garrity v. McCaskey, 223 Conn. 1, 10.
General Statutes (Rev. to 1987) § 38-175c(b)(1), now reorganized and recodified as General Statutes § 38a-336 (b), obligates insurance companies to pay underinsured motorist coverage "after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage." General Statutes (Rev. to 1987) § 38-175c(b)(2), now reorganized and codified as General Statutes § 38a-336 (d), defines an underinsured motor vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection." CT Page 8526
Under § 38a-336 (b) an uninsured motorist claim is not "triggered" unless the underinsured tortfeasor has paid "the entire limits of [his] liability policies." General Accident Ins. Co.v. Wheeler, 221 Conn. 206, 213 n. 7. An insured forfeits his underinsured motorist coverage "by settling his claim against the tortfeasor in an amount less than the limit of the tortfeasor's liability coverage", and the fact that there may have been a "good faith deviation" from the "exhaustion" requirement will not excuse or serve to justify the claimant's failure to satisfy this statutory condition precedent to the recovery of underinsured motorist benefits. Mc Glinchey v. Aetna Casualty Surety Co.,224 Conn. 133 at 139-40.
The plaintiff's argument that the denial of coverage under Bourne's own liability policy "triggered" an uninsured motorist claim is based on the provision of the policy issued by the defendant which defines an uninsured vehicle as one "[t]o which a bodily injury . . . policy applies at the time of the accident but the . . . insuring company denies coverage." He also asserts that evidence presented at the hearing established that the "nominal" payment of $6,000 made four months after the denial letter was made "in contemplation of litigation costs," that it did not constitute an admission of coverage, and that the validity of the insurer's denial of coverage was never questioned by the defendant or the arbitrators in the course of the hearing.
An "uninsured automobile" is ordinarily defined to include motor vehicles "with respect to which neither the owner nor the operator carried bodily injury liability insurance at the time of the accident . . .". 7 Am.Jur.2d, Automobile Insurance § 318. Where there is no question that the tortfeasor was a permissive user of a vehicle owned by another, the statutorily "available" policies which must be considered in determining the relationship between automobile liability coverage and underinsured motorist coverage include those that cover the operator as well as those which cover the owner, and all such bodily injury insurance policies "applicable at the time of the accident" must be exhausted under § 38a-336 (b) of the General Statutes. Ciarelli v. CommercialUnion Insurance Companies, 11 Conn. L. Rptr. No. 1, 34 (March 14, 1994, Booth, J.).
The plaintiff's argument is analogous to the claim made by the plaintiff in Simonette v. Great American Ins. Co., 165 Conn. 466 at 470, in that he would have the court construe the word "uninsured" as used in an uninsured motorist insurance policy, as well as in CT Page 8527 the applicable statutes and regulations, to mean "underinsured" in relation to the plaintiff's injury. The two terms are not only very different in meaning; Id. 472; they are mutually exclusive as applied to the same motor vehicle because "underinsured motorist coverage applies when there is insufficient bodily injury liability insurance coverage [and conversely], it does not apply when there is a complete absence of such coverage." National Union Fire Ins.Co. v. Ferreira, 790 P.2d 910 at 913 (Hawaii 1990); see also Loikav. Aetna Casualty Surety Co., 12 Conn. L. Rptr. No. 1, 8 (August 1, 1994, Gaffney, J.).
The fact that the plaintiff correctly states the general rule that a formal written denial of coverage by a tortfeasor's insurer triggers uninsured motorist coverage is wholly inapplicable to a claim for the underinsured motorist benefits which he seeks in this case. (Emphasis added). The Supreme Court reached the same conclusion in Simonette, supra, 472-73, when it stated that the disclaimer of coverage exception to the meaning of the word "uninsured" could not be judicially extended to "underinsured" claimants because it is not a part of the judicial function "to attempt to improve legislation by reading provisions into it."
Even if it were to be assumed that a denial of coverage by the liability insurer would be sufficient to activate a claim for "uninsured" motorist benefits in the broadest sense of that term, as counsel for the plaintiff asks the court to construe it, an offer of settlement made by the insurer despite its earlier rejection of the claim, which is accepted by the claimant, negates the prior denial of coverage as a matter of law, and prevents a claimant from recovering such benefits thereafter. Rister v.State Farm Mutual Automobile Ins. Co., 668 S.W.2d 132, 136
(Mo.App. 1984). Moreover, a vehicle is no longer uninsured if a liability carrier initially denies coverage and later settles without ever admitting coverage, and the acceptance of the settlement by the insured precludes him from recovering uninsured motorist benefits notwithstanding the carrier's continued denial of coverage. Jonesv. Sentry Ins. Co., 462 N.W.2d 90, 91 (Minn.App. 1990).
For the foregoing reasons, the plaintiff's application to vacate the arbitration award is denied and the defendant's application for an order confirming the award is granted.
Accordingly, judgment may enter confirming the arbitration award. CT Page 8528
Hammer, J.